UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No.   1:93-cr-0061 (LJM/KPF) |
| | ) | |
| CALVIN JAMES, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Larry J. McKinney, Judge, on July 27, 2012, designating the Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on June 29, 2012, and to submit to Judge McKinney proposed Findings of Facts and Recommendations for disposition under Title 18 U.S.C. §§3401(I) and 3583(e).  All proceedings were held July 30, 2012, in accordance with Title 18 U.S.C. §3583 and Rule 32.1 of the *Federal Rules of Criminal Procedure.*[1]  Mr. James appeared in person and by appointed counsel, William Marsh; the government appeared by Josh Minkler,  Assistant United States Attorney; and Tim Hardy, U. S. Parole and Probation officer, appeared  and participated in the proceedings.

The Court conducted the following procedures  in accordance with Rule 32.1(a)(1) of the *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted.  *See,* Title 18 U.S.C. Subsection 3401(e).

1. That William Marsh, Office of Indiana Federal Community Defender's Office, was appointed to represent Mr. James in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. James and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. James was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. James was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. James was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. James had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge McKinney's designation entered July 27, 2012.

7. Mr. Marsh stated that Mr. James would stipulate there is a basis in fact to hold him on the specifications of violation of supervised release set forth in the Petition. Mr. James executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. James, by counsel, stipulated that he committed the specifications of violations set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on June 29, 2012 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician."** |

**"The defendant shall not illegally possess a controlled substance."**

**"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

On January 12, 2012, a Report on Offender Under Supervision was filed alleging the offender tested positive for cocaine on November 15, 2011. Mr. James admitted being present at a "crack house" during which he stated his brother was engaged in smoking crack cocaine. Mr. James maintained his positive drug test was a result of second hand smoke. No action was taken by the Court. Mr. James was referred for substance abuse testing and treatment at Volunteers of America.

As previously reported to the Court, on February 3, 2012, a urine specimen was collected which tested positive for cocaine. Mr. James was participating in substance abuse counseling at Volunteers of America at the time. On February 13, 2012, during an office visit, Mr. James was confronted about the positive drug screen on February 3, 2012, and admitted using cocaine. On the same date, a urine specimen was collected which also tested positive for cocaine. Mr James failed to submit to drug testing as directed on February 16, February 20, and February 24, 2012. As a result of these violations, Mr. James received a sanction placing him at the VOA for up to 180 days.

On April 10, 2012, a urine specimen was collected which tested positive for cocaine. Mr. James apparently used cocaine prior to reporting to Volunteers of America for his 180-day (RRC) designation on April 11, 2012.

| | |
|---|---|
| 2 | **"The defendant shall not commit another federal, state, or local crime."** |

As previously reported to the Court, on February 23 2012, Mr. James was arrested for Public Intoxication by the Indianapolis Metropolitan Police Department. He failed to notify the probation officer of his

|     |     |
| --- | --- |
|     | arrest within 72 hours.  Mr. James was released on his own recognizance.  The case is pending in Marion County Superior Court 10 and he was scheduled to appear for a hearing on June 26, 2012; however, he failed to appear as required.  His attorney was present for the hearing, and the matter was rescheduled for June 29, 2012. |
| **3** | **"The defendant shall reside for a period of up to 180 days at a Residential Reentry Center (RC) as directed by the probation officer and shall observe the rules of that facility."** |
|     | On March 14, 2012, a Request for Modifying the Conditions of Term of Supervision was filed and approved by the Court.  Mr. James' conditions were modified to include placement at the VOA as a result of his new criminal arrest and illegal drug use (cocaine). |
|     | On June 15, 2012, Mr. James absconded from the VOA.  According to the case manager at Volunteers of America, Mr. James did not return to the facility after his scheduled work day ended.  On June 18, 2012, the probation officer was notified that Mr. James had not returned to the facility and his whereabouts are unknown. |

The parties stipulated the following in open Court:

(1) Mr. James and the government agreed they were ready to proceed to disposition on the pending Petition to revoke supervised release in open Court this date.

(2) Mr. James admitted he committed the violations of specifications set forth in the Petition to Revoke Supervised Release stated above.

(3) Mr. James has a relevant criminal history category of VI.   *See* U.S.S.G. §7B1.4(a).

(4) The most serious grade of violation committed by Mr. James constitutes a Grade B violation, pursuant to U.S.S.G. §7B1.1(b).

(5) Pursuant to U.S.S.G. §7B1.4(a), upon revocation of supervised release the range of imprisonment applicable to Mr. James is 21 to 27 months.

(6) The parties agreed that, upon release from confinement, Mr. James will not be subject to supervised release. The parties disagreed as to the appropriate disposition of the case. They agreed that they would both present evidence and/or argument on that issue to the Court. The Magistrate Judge informed the defendant and the parties' respective counsel that the Magistrate Judge would accept the parties' stipulations.

2. The Court then placed Mr. James under oath and inquired directly of him whether he admitted committing the violations of supervised release contained in the Petition. Mr. James admitted the violations.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Calvin James, violated the above-delineated conditions in the Petition.

3. The Court then heard testimony and argument regarding the appropriate disposition of the case, and having heard and considered the testimony and argument, makes the following determinations:

Mr. James's supervised release is **REVOKED** and he is sentenced to the custody of the Attorney General or his designee for a period of 21 months, with no supervised release to follow. The service of the sentence shall begin immediately.

The Magistrate Judge requests that Tim Hardy, U. S. Parole and Probation Officer, prepare for submission to the Honorable Larry J. McKinney, District Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

You are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge pursuant to Title 28, U.S.C. §636(b)(1)(B) and (C) and Rule 72(b) of the *Federal Rules of Civil Procedure*. You shall have within fourteen (14) days after being served a copy of this Report and Recommendation to serve and file written objections to the proposed findings of facts and conclusions of law and recommendations of this Magistrate Judge. If written objections to the Magistrate Judge's proposed findings of fact and recommendations are made, the District Judge will make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made.

**WHEREFORE,** the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above report and recommendation revoking Mr. James's supervised release and imposing a sentence of imprisonment of 21 months in the custody of the Attorney General. Further, that upon Mr. James's release from confinement, he will not be subject to a term of supervised release.

**IT IS SO RECOMMENDED.**

Date: 08/15/2012

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Josh Minkler,
Assistant United States Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis, IN 46204

U. S. Parole and Probation

U. S. Marshal